ON MOTION FOR REHEARING
PER CURIAM.
In an opinion dated April 28, 1988, this court adjudicated that a special election on November 4,1986, adopting, pursuant to section 125.82, Florida Statutes, a county home rule charter for Orange County, Florida, was invalid because of non-compliance with applicable and mandatory time and notice requirements of section 125.-64(1), Florida Statutes. The county moved for rehearing re-arguing the merits of the opinion and also suggesting that effective May 13, 1988, the 1988 Florida Legislature had enacted House Bill No. 1662 (Laws of Florida ch. 88-38), amending section 125.82, Florida Statutes, the effect of which was to cure or invalidate the irregularity in the notice of the special election by legislating (1) that the time periods in section 125.-64(1), Florida Statutes, were inapplicable to charter elections under section 125.82, Florida Statutes and (2) by ratifying any charter previously proposed and adopted at an election noticed under sections 101.161(1) and 100.342, Florida Statutes.
On June 23, 1988, we vacated our prior opinion, and in effect, upheld the November 4, 1986 election, based on House Bill No. 1662. On June 28, 1988, we vacated our order of June 23, 1988, and took the matter under reconsideration.
Now, after considering supplemental briefs filed by the parties which raise serious legal questions concerning the constitutional validity of House Bill 1662, and the propriety of considering the effect of the amendment in the determination of the merits of this appeal, we conclude (1) that the validity and the effect of House Bill 1662 as to the charter election in question is not a proper issue in this case; (2) that if those issues are to be judicially determined it should be done in a new and separate proceeding, properly raising and presenting them; and (3) that this controversy should be disposed of solely on the issues originally framed by the pleadings, considered by the trial court and reviewed in our original opinion. We therefore reinstate and ratify our opinion of April 28, 1988.
DENIED.
DAUKSCH, COBB and COWART, JJ., concur.